**Efoe Apoutato ATTIOGBE, Sossou Gah Attiogbe, Petitioners,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

**Nos. 06–4163–ag (L), 06–4165–ag (con).**

United States Court of Appeals, Second Circuit.

Aug. 1, 2007.

Michael R. Atadika, Atadika & Atadika, New York, NY, for Petitioners.

John L. Brownlee, United States Attorney for the Western District of Virginia, Jean B. Hudson, Assistant United States Attorney, Charlottesville, VA, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioners Efoe Apoutato Attiogbe and Sossou Gah Attiogbe, citizens of Togo, seek review of an August 11, 2006, order of the BIA denying their motion to reopen removal proceedings. *In Re Efoe Apouta-to Attiogbe,* No. A78 227 360 (B.I.A. Aug. 11, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.*

A motion to reopen based upon ineffective assistance of counsel must include "(1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance of counsel and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so." *Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Esposito v. INS,* 987 F.2d 108, 110–11 (2d Cir.1993) (per curiam) (citing *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988)). Although strict adherence to *Lozada* is not always required, petitioners must still demonstrate substantial compliance with the rules. *Jian Yun Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 45–47 (2d Cir. 2005).

The Attiogbes did not strictly adhere to *Lozada.* Nevertheless, the Attiogbes did put their former counsel on notice of the

basis for their motion to reopen by asking her to state in a letter that her untimely filing of the notice of appeal was the reason their appeal was rejected. Furthermore, their former counsel's ineffectiveness was obvious, or, as we recently said of another attorney's ineffectiveness, "plain on the face of the administrative record." *Yi Long Yang v. Gonzales*, 478 F.3d 133, 143 (2d Cir.2007).

In *Yi Long Yang*, we acknowledged that the petitioner had not strictly complied with the *Lozada* requirements. *Id.* at 142. Observing that the *Lozada* requirements "serve to deter meritless claims and to provide a basis for determining whether counsel's assistance was in fact ineffective" and that "the facts on which Yang relie[d] to make his claim of ineffective assistance [were] clear on the face of the record," we concluded that Yang had substantially complied with the requirements of *Lozada*. *Id.* at 143.

Here, because the BIA failed to address a document "too important to ignore," *id.*, and demanded strict adherence to *Lozada*, rather than substantial compliance, it abused its discretion in denying the Attiogbes' motions to reopen. The ineffectiveness of the Attiogbes' former counsel should have been plain to the BIA on the record before it. Specifically, former counsel admitted in her letter of October 2004 that she mailed the appeal to the wrong address "in error" and that she did not correct her mistake until after the filing deadline had passed. This document was in the administrative record and, like the disbarment of the former attorney for the petitioner in *Yi Long Yang*, "too important to ignore." *Yi Long Yang*, 478 F.3d at 143.

In most cases, establishing that counsel "was in fact ineffective," *Twum*, 411 F.3d at 59, will not be possible without adhering to the *Lozada* requirements, but those requirements "are not sancrosanct, and will not be dispositive when the relevant facts are plain on the face of the administrative record." *Yi Long Yang*, 478 F.3d at 143 (citing *Castillo–Perez v. INS*, 212 F.3d 518, 525–27 (9th Cir.2000)). As in Yi Long Yang, the Attiogbes have substantially complied with *Lozada* by showing that their former counsel's ineffectiveness was evident based on the record before the agency. The attorney first sent the appeal to the wrong office, and then did not send the appeal to the BIA until after the deadline had passed; as a direct result of her errors, the BIA rejected her clients' appeal.

Because of its conclusion that the Attiogbes did not comply with *Lozada*, the BIA did not consider whether they were prejudiced by counsel's ineffectiveness. Here, as in *Yi Long Yang*, we remand the case to the BIA for consideration of the question of prejudice in the first instance. *See Yi Long Yang*, 478 F.3d at 143.

For the foregoing reasons, the petitions for review are GRANTED, the BIA's order is VACATED, the case is REMANDED for further proceedings not inconsistent with this order. It is further ORDERED that the pending motions for stays of removal are GRANTED.